PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN VARGAS NIVAS, Defendant and Appellant.

No. 4582. Argued December 1, 1931.—Decided July 22, 1932.

*Angel A. Vázquez* for appellant. *E. Díaz Viera, Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The verified complaint in which the prosecution herein originated was filed in the Municipal Court of San Juan by an insular policeman. It alleged that the defendant "unlawfully, wilfully, and maliciously, violated the provisions of the National Prohibition Act (41 Stat. 305–323) of October 28, 1919, enacted by the Congress of the United States of America, and extended to Puerto Rico by an Act of that Congress approved on September 21, 1922, and amended on March 2, 1929, and further amended on January 15, 1931, in that on the date and at the hour and place aforesaid, he was transporting on his person, two glass bottles containing approximately two quarts of white rum (*ron caña*) which is an intoxicating liquor fit for human consumption, that contains more than one-half of one per cent of alcohol by volume and which is used for beverage purposes; and that said liquor was seized from him and is placed at the disposal of this Honorable Court as evidence."

The defendant was convicted in the municipal court and appealed to the district court, where he was again convicted; whereupon he appealed to this Supreme Court. From the statement of the case which forms part of the record, we transcribe the following:

"The demurrers to the complaint interposed by the defendant on the grounds of want of jurisdiction, insufficiency, and lack of an oath taken by a competent officer with capacity or authority to do so, were argued and the same were overruled by the court. Thereupon the defendant pleaded not guilty, and The People of Puerto Rico introduced the following evidence:

"Testimony of insular policeman, Juan Alvarez; badge no. 582.

"Upon being questioned by the district attorney the witness testified as follows:

"That his name is as aforesaid and that he was with the complainant on the day that the facts alleged in the complaint occurred, about two months ago. That on that day, at Loíza Street, in San Juan, P. R., the defendant was carrying two glass bottles containing white rum and that upon seeing the policeman he threw them into a thicket. That the two bottles seized contained rum and that he sipped a little of the contents and that it tasted like white rum; he knows it was rum because at other times he has tasted rum and the liquor seized from the defendant had that same taste. The rum the defendant was carrying was fit for beverage purposes.

"The district attorney offered in evidence the two glass bottles to which the witness referred and which contained a crystalline liquid and the defendant objected to the admission thereof because there was no evidence that said liquid was the same one contained in the bottles on the day of the seizure, nor that it contained more than one-half of one per cent of alcohol by volume, nor that it was an intoxicating liquor, nor that it was being transported for beverage purposes. Notwithstanding these objections, the evidence was admitted, and the defendant took an exception.

"After the prosecution rested, the defendant did not introduce any evidence and moved for a nonsuit on the ground of insufficiency of the evidence. Then the court found him guilty and sentenced him to pay a fine of $100 and in default of such payment to be confined in jail."

The appellant has assigned six errors. By the first assignment he claims that the court erred in overruling the demurrer for want of jurisdiction, for two reasons, the first one of which he states thus:

"According to the complaint filed and which appears on page 1 of the transcript this prosecution has been instituted in the name of the President of the United States in the following manner:

"'Municipal Court of San Juan, P. R., First Section, P. R.

"'United States of America. The President of the United States of America ss. v. Ramón Vargas Nivas.'

"However, from the text of the complaint it appears that we are dealing with an accusation for a supposed violation of a federal statute, such as the National Prohibition Act is; yet the prosecution was not brought directly in the name of 'The People of the

United States of America v. Ramón Vargas Nivas,' but in the name of the 'President of the United States v. Ramón Vargas Nivas.' This means that the President of the Nation has instituted in Puerto Rico, through an insular police officer, a direct criminal action against Ramón Vargas Nivas for a violation of the National Prohibition Act. The complaint is insufficient to give jurisdiction to the Municipal Court of San Juan or to the district court on appeal, because there is no statute authorizing the bringing of prosecutions for violations of the National Prohibition Act in the name of the President of the United States, but only in the name of The People of the United States of America. *People* v. *Zayas,* 41 P.R.R. 643.''

It is enough to transcribe the reasoning of the appellant in order to conclude that the error he assigns is nonexistent.

As the second ground of the demurrer he maintained that the municipal court lacks jurisdiction of the cause since Congress, in conferring jurisdiction on the insular courts confined itself to courts of record. He relies on the case of *People* v. *Fuertes,* 41 P. R. R. 881, 886–887. The opinion in that case begins at page 881 of the cited volume. The matter specifically invoked by the appellant appears on pages 886 and 887, as follows:

''We have the idea that when Congress in the Act of September, 1922, spoke of the courts of Puerto Rico, it had in mind courts of record. For example, neither in the Foraker Act nor in the Jones Act is the jurisdiction of the Supreme Court of Puerto Rico defined. Section 4 of our Organic Act provides:

'' 'That the judicial power shall be vested in the courts and tribunals of Puerto Rico now established and in operation under and by virtue of existing laws. The jurisdiction of said courts and the form of procedure in them, and the various officers and attachés thereof, shall also continue to be as now provided until otherwise provided by law; *Provided, however,* That the Chief Justice and the Associate Justices of the Supreme Court shall be appointed by the President, by and with the advice and consent of the Senate of the United States, and the Legislature of Puerto Rico shall have authority, from time to time as it may see fit, not inconsistent with this Act, to organize, modify, or rearrange the courts and their jurisdiction and procedure, except the District Court of the United States for Puerto Rico.'

"We think it is highly probable, if not certain, that in September, 1922, Congress had only in mind courts of record in the territorial courts as previously recognized by it. Congress may have had in mind the jurisdiction of the local courts, whether original or appellate as defined by the legislature."

But the above statements form no part of the opinion of the Court. They are additional considerations of the writer of the opinion in which another justice concurred.

That municipal courts have jurisdiction by virtue of the Act of Congress was decided in *People* v. *Rodríguez,* 33 P.R.R. 461, and in *People* v. *Baragaño,* 33 P.R.R. 949, whose doctrine has been confirmed as a result of the decision rendered by the U.S. Circuit Court of Appeals for the First Circuit on February 25, 1932, in the case of *People* v. *Zayas, supra.* This proposition has also been impliedly upheld by the Circuit Court of Appeals in the *Zayas* case. Therefore the first error assigned does not exist.

By the second assignment it is maintained that the court erred in holding that the complaint was sufficient. In our opinion, this assignment is also without merit. It is enough to allege the transportation of intoxicating liquor fit for human consumption. If the defendant was really transporting it to be used for medicinal purposes he could have set up that fact as a defense.

By the third assignment of error there is raised the same question that was decided adversely to the contention of the appellant in the case of *People* v. *Chaparro,* 43 P.R.R. 817.

The fourth assignment relates to the insufficiency of the evidence. We think that a mere reading of the statement of the case which we have transcribed is enough to conclude that the evidence is sufficient. It having been alleged and proved that what the defendant transported was rum, this was sufficient; and as said by this Court in *People* v. *Rivera,* 37 P.R.R. 430, 432, "as it is alleged in the complaint that what the defendant manufactured and possessed was rum and it

has been held that the courts will take judicial notice that rum is an intoxicating liquor, (35 C.J. 497, and cases cited in note 81), it was not necessary to allege the intoxicating nature of the liquor manufactured and possessed by the defendant.''

By the fifth error it is claimed that the judgment is null and void because it only makes reference to the National Prohibition Act and ''fails to mention the facts constituting a violation of any act.''

We know the complaint. It is in it, not necessarily in the judgment, where the criminal acts charged should be set forth. The only deficiency we note in the judgment is that it could have been more specific, but this does not render it void. It can and will be amended so that instead of reading as at present, ''The Court finds Ramón Vargas Nivas guilty of a violation of the National Prohibition Act,'' it will read thus, ''The Court finds Ramón Vargas Nivas guilty of the violation of the National Prohibition Act which is charged against him and which is defined and punished by section 3, title II of the National Prohibition Act of October 28, 1919, extended to Puerto Rico by the Act of Congress of September 21, 1922, as amended on March 2, 1929, and on January 15, 1931.''

By the sixth and last assignment of error it is maintained that the penalty is excessive. The defendant may be right, but no abuse of discretion has been shown. If instead of imposing a fine of $100 and imprisonment for nonpayment thereof, the court had imposed only a fine of $25 or $50, we would not have interfered either. A wide latitude should be allowed to the trial court which is in a better position than the appellate court for weighing the attendant circumstances of each case. The appellate court can only intervene where it is shown that the district court abused its discretion; and we have already said that such a showing has not been made here.

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.